UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>WAYAN ASEFI,<br><br>    Defendant. | Case No. 24-cr-00383-JST-1<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br><br>Re: ECF No. 30 |

Now before the Court is Defendant Wayan Asefi's motion to dismiss Counts One and Two of the indictment. ECF No. 30. The Court will deny the motion.

## I.     BACKGROUND

On July 10, 2024, the government filed an indictment against Asefi alleging three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343. ECF No. 1. The indictment alleges that Asefi partially owned and operated Atlas Capital, a San Francisco-based real estate investment company. *Id*. ¶¶ 1–2. It further alleges that between 2018 and 2019, Asefi participated in a scheme to defraud investors "using the premise of real estate transactions" primarily through Atlas Capital. *Id*. ¶¶ 4–5. Asefi allegedly solicited funds from investors by promising large returns and misrepresenting that the funds would be invested in certain real estate projects, when in reality he kept substantial amounts of the funds for his own purposes. *Id*. ¶¶ 6–7. As part of his scheme, Asefi furnished investors with false financial documents and bank statements that suggested he was a successful investor with millions of dollars in his bank accounts. *Id*. ¶¶ 8–10. He also lied about the use of the funds after he had already received investments and provided fake wire transfer and closing documents to convince the investors that their money was being used for legitimate real estate transactions. *Id*. ¶ 11. The indictment also

United States District Court
Northern District of California

alleges that "Asefi's fraud affected financial institutions including Bank of America, where Atlas maintained a banking relationship and where ASEFI received money from victims, and FAB Associates, 5 Arch, and Pivotal Capital Group, which were affected mortgage lending businesses." *Id*. ¶ 12.

The indictment alleges that Asefi used the wires in furtherance of his scheme on three separate occasions, each of which is the basis of a separate count: Count One alleges a wire transfer of $915,000 of funds provided by victims N.P. and S.P. from an Atlas account to First American Title Company on 8/7/2018; Count Two alleges a wire transfer of $106,370 of funds provided by victim S.K. from an Atlas account to Pivotal Capital Group on January 22, 2019; and Count Three alleges a wire transfer of $213,725 of funds provided by victim G.K. to an Atlas account on July 17, 2019.

Asefi filed this motion to dismiss on October 1, 2025, contending that Counts One and Two are barred by the statute of limitations.  ECF No. 30 at 2.

The government filed an opposition on November 7, 2025.  ECF No. 34.  The Defendant did not file a reply.  The Court held a hearing on the motion on December 5, 2025.

## II.     LEGAL STANDARD

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  An indictment must:

> furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge.

*United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam) (citations omitted). "The Government need not allege its theory of the case or supporting evidence, but only the essential facts necessary to apprise a defendant of the crime charged."  *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982).

"Because it is a drastic step, dismissing an indictment is a disfavored remedy."  *United*

United States District Court
Northern District of California

2

*States v. Rogers*, 751 F.2d 1074, 1076 (9th Cir. 1985). "[A]n indictment setting forth the elements of the offense is generally sufficient" to survive a motion to dismiss. *United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004). In the Ninth Circuit, "[t]he use of 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (quotations and citation omitted).

In evaluating the sufficiency of an indictment, it "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (quotation and citation omitted). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "The allegations of the indictment are presumed to be true." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) (citing *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16 (1952)).

## III. DISCUSSION

Asefi contends that Counts One and Two are time-barred because they fall outside the five-year statute of limitations set forth in 18 U.S.C. § 3282(a), "the general federal criminal statute of limitations." *Musacchio v. United States*, 577 U.S. 237, 239 (2016). The government seeks to apply a different statute of limitations: Under 18 U.S.C. § 1343, any person who commits a wire fraud that "affects a financial institution" is subject to enhanced maximum penalties, including a $1 million fine, and 30 years' imprisonment. And 18 U.S.C. § 3293(2) expands the statute of limitations for a wire fraud that "affects a financial institution" from the normal five years to ten. Asefi argues that the longer statute of limitations does not apply because the government's allegations that Asefi's conduct "affected" financial institutions are conclusory; Bank of America could not have been "affected" because the transactions it was involved in did not involve the bank's own funds; and First American and Pivotal Title are not "financial institutions" within the statutory definition. *Id*. at 5–6.

3

United States District Court
Northern District of California

In response, the government argues that the indictment tracks the statutory language and contains the elements of the charged offense with enough detail to fairly inform the defendant of the charges against him, which is all that is required. ECF 34 at 5. It also argues that Asefi's scheme affected other financial institutions beyond Bank of America, including Pivotal Capital Group and FAB Associates, each of which is named in the indictment. *Id.* at 2; ECF No. 1 ¶ 12. It notes that the term "financial institution" includes, among other things, not just "an insured depository institution," such as Bank of America, but also "a mortgage lending business," such as Pivotal and FAB. *Id.* at 5 (citing 18 U.S.C. § 20(1) and (10)).[1]

The Court agrees with the government on both points. Regarding the first point, as already noted, an indictment is sufficient if it alleges "essential facts necessary to apprise a defendant of the crime charged" and the government "need not allege its theory of the case or supporting evidence." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) (citing *United States v. Markee*, 425 F.2d 1043, 1047-48 (9th Cir.), *cert. denied*, 400 U.S. 847 (1970)). This indictment does that by alleging that Asefi's "fraud affected financial institutions including Bank of America, where Atlas maintained a banking relationship and [Asefi] received money from victims, and FAB Associates, 5 Arch, and Pivotal Capital Group, which were affected mortgage lending businesses." ECF No. 1 ¶ 11. Taking these allegations as true, the indictment is sufficient to support the 10-year statute of limitations provided by 18 U.S.C. § 3293(2). Regarding the second point, Asefi does not even argue that the allegations concerning Pivotal and FAB are inadequate, and the Court finds that they meet the statutory definition of "mortgage lending business."

At the hearing on this motion, the Defendant raised for the first time the argument that FAB Associates, 5 Arch, and Pivotal Capital Group are not "financial institutions" because they are not "mortgage lending businesses" within the meaning of 18 U.S.C. § 20(10). At the Court's direction, the parties submitted supplemental briefing on this argument.[2]

---

[1] Asefi does not address this definition of "financial institution" in his opening brief and he chose not to file a reply brief. The Court takes his silence as a concession on this point.

[2] "[A]rguments made for the first time at oral argument are deemed waived." *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2020 WL 5517244, at *5 (N.D. Cal. Sept. 14, 2020). The Court considers the argument nonetheless.

1      Defendant's argument turns on the construction of section 20(10), which provides as

2  follows:

> As used in this title, the term "financial institution" means—
> . . .
> (10) a mortgage lending business (as defined in section 27 of this title) or any person or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974.

18 U.S.C. § 20(10).  Defendant contends that "the most reasonable interpretation of this language is that the term 'federally related' applies to all three lenders (mortgage lending businesses, persons and entities)."  ECF No. 42 at 2.  He bases this argument on language in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602(B)(iv), "which refers, in turn, . . . to 12 U.S.C. § 1602, [which] . . . covers loans which qualify as consumer creditor loans."  *Id.*  Because "[t]he hard money loans made to Mr. Asefit's [sic] company, Atlas, would not qualify as consumer creditor loans," Defendant reasons, the lenders would not qualify as "mortgage lending businesses."  *Id.*

      This argument is unavailing.  First, as previously noted, the government sufficiently alleges that FAB Associates, 5 Arch, and Pivotal Capital Group are mortgage lending businesses. That ends the matter.  Second, the Court rejects Defendant's construction of 18 U.S.C. § 20(10). "Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise; here it does not."  *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (citation omitted).  Courts "generally construe a statute written in the disjunctive as setting out separate and distinct alternatives."  *United States v. Behnezhad*, 907 F.2d 896, 898 (9th Cir. 1990), *abrogated on separate grounds by Johnson v. United States*, 529 U.S. 694 (2000).  In accordance with this rule, a plain reading of section 20(10) is that "financial institutions" include "[1] a mortgage lending business (as defined in Section 27 of this Chapter) *or* [2] any person or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974." 18 U.S.C. § 20(10) (emphasis and numbering added).  There are thus two ways to qualify as a "financial institution" under a plain reading of subsection 10: as a mortgage lending business or as a person or entity who makes "federally related mortgage loans."  This is why the subsection refers to two different definitions

contained in different titles of the U.S. Code, one in Title 18 and another in Title 12.  These definitions cover different things:  18 U.S.C. § 27 broadly covers any business that finances or refinances debt secured by an interest in real property, while 12 U.S.C. § 2602(1) covers a specific type of residential mortgage issued by certain types of lenders.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss Counts One and Two of the indictment.

**IT IS SO ORDERED.**

Dated:  January 7, 2026



                         JON S. TIGAR
United States District Judge

United States District Court
Northern District of California